GRAHAM *v.* TAYLOR.

[78 South. 706, Division A.]

WITNESSES. *Competency. Interest in estate. Transactions with deceased.*

Under Code 1906, section 1917 (Heminway's Code, section 1577), providing that, a person shall not be a witness to establish his own claim against the estate of a deceased person, where the claim originated in deceased's lifetime, one claiming to have married the deceased is not a competent witness to establish such marriage in a proceeding to determine her right to his property, for the reason that such evidence tends to establish a fact existing prior to the death of deceased, and determinative of her right to property owned by him.

APPEAL from the circuit court of Bolivar county.
HON. W. A. ALCORN, Judge.

Action in ejectment by A. E. Graham against S. C. Taylor.

From a judgment for defendants, plaintiff appeals. The facts are fully stated in the opinion of the court.

*A. W. Shands,* for appellant.

I contend that the action of the court in excluding the testimony of Lucinda Wilson was clearly error and

is settled beyond peradventure of doubt by the case of.
*Covington* v. *Frank,* reported in 77 Mississippi at page
606. In that case objection was made to the testimony
of two women, one of whom claimed to be the wife and
the other the daughter of W. A. Covington, deceased.
In which case speaking through TERRAL, Justice, be-
ginning at the middle of page 618, says:

"Now, the exception in section 1740,. is that of a
person to establish his own claim, etc., which originated
in the lifetime of the deceased, if to prove the *status*
of Mary Covington and Cornelia Miller as to W. A.
Covington be proof of a claim against the estate of
W. A. Covington, certainly it is a claim that did not
originate in the lifetime of W. A. Covington. It is
undoubted law that a child, during the lifetime of the
father, has no interest in his estate; it was held in
the *New Orleans Railway & Mill Supply Co.* v. *Gattia
and wife,* at this term, that a wife has no property
interest in the homestead of the husband such as would
constitute a consideration to support a promise from
him to her. So neither wife nor child has any interest
in the property of the husband and father during his
lifetime; dying intestate they would be his heirs, and
to prove their relationship to him is to prove their
title to his property by descent when cast; but it is
not to prove a claim that originated in his lifetime.
At the death of a person, dying intestate, *eo instanti,*
the title of the heirs accrues. *Jones* v. *Robinson,* 17
Ohio St. 171, 180; 1 Redfield on Wills, 412, 413.

It is too plain for argument that the title of Mary
Covington and Cornelia Miller, as his heirs, to the
estate of W. A. Covington did not accrue in his life-
time, and only a claim arising in his lifetime excludes
them from testifying.

In *Tucker* v. *Whitehead,* 59 Miss. 594, and in
*Kelly* v. *Miller,* 39 Miss. 17, it is held that a person
claiming title or right under a will may testify to
establish the will by which their title to the estate of

the testator is established; a like construction author-
izes a person to establish his title to the estate's
property by his own oath. They are parallel cases
in every respect. If section 1740 did not exclude
Mary Whitehead from testifying in *Tucker* v. *White-
head,* or Miller from testifying in *Kelly* v. *Miller,* it
ought not to exclude Mary Covington and Cornelia
Miller from testifying in this case. The title of
Mary Whitehead accrued upon the death of Tucker,
as the title of Mary Covington accrued at the death
of Covington. In neither case did the title originate
in the lifetime of the testator or of the intestate, and
both are competent witnesses.

It is held in some cases that where a marriage
relation is directly in issue, one of the parties can-
not testify thereto, the other party being dead; but
where such relation comes directly in issue, such
relation may be proved by one of the parties, though
the other is deceased. Jones on Evidence, sec. 793;
*Green* v. *Green,* 126 Mo. 17. This authority directly
supports our decision. For the direct question in this
case is, what is the amount of the debt due these
executors; what part if any, of this estate can be
preserved from the claim of this creditor? The
claim directly in issue here is the claim of these ex-
ecutors; the right of Mary Covington and Cornelia Mil-
ler is only indirectly concerned."

In the case at bar the question directly at issue
is to whom did these lots belong on the date of the
filing of the declaration herein, and the question of
the marriage relation is only incidentally involved.

I think the court makes it clear in this case that
the title of Lucinda Wilson did not accrue during the
lifetime of J. H. Wilson, but did accrue by descent
cast immediately upon his death. This case is the
law in the state of Mississippi up to this time.

For this reason I respectfully submit that this case
should be reversed, and as all of the evidence was

heard, and as there is absolutely no conflict on any
material question, I submit that this court should
enter judgment here for the plaintiff and remand the
case solely that plaintiff may have a writ of inquiry
to have the amount of rents fixed.

*Owen & Roberts,* for appellee.

The testimony of Lucinda Wilson was first objected
to because she could not testify and sustain her own
claim against the estate of a deceased person and in
this way relied upon *Whitehead* v. *Kirk,* reported in
61 So. page 737, and on suggestion of error in the
62 So. at page 432. Appellant relies upon *Covington*
v. *Frank,* 77 Miss. 606, and *Tucker* v. *Whitehead,* 59
Miss. 594, and *Kelly* v. *Miller,* 39 Miss. 17.

All these cases were, reviewed and discussed by the
court in *Whitehead* v. *Kirk.* On page 740 of the 61
So., this court, in discussing *Covington* v. *Frank,* says:
"In that action they were not pursuing the estate for
anything, and no decree rendered in their favor could
have established any right in them as against any
representative or heir of the estate. On the other
hand, they were not testifying defensively, within the
meaning of the statute because they were not being
pursued in behalf of the estate of any person whatever.
It was simply one instance of the well-recognized class
of cases, where the testimony would only remotely
or collaterally claim an interest which would have to
·be vindicated or asserted effectually in some other
suit or proceeding, if asserted at all."

On suggestion of error at page 435, the court says
in discussing the Covington case: 'This case was
analyzed by us and is inapplicable as pointed out in
our original brief. We then and there pointed out that
it was decided correctly but a wrong reason was given;
it is good in its class, but no authority whatever in this
case, because this case is not of that class. It would not

determine anything whatever as between witnesses and the estate. The record made could never have been used for any such purpose; it was collateral within the settled lines of decisions, which began with *Faller v. Gordon,* 44 Miss. 283. The bill in that case had been filed by creditors to enforce a mortgage against the unknown heirs, etc., and Mary Covington and Cornelia Miller had come in as such heirs to defend that bill. They were not establishing their claim against the estate, but only establishing their right to defend that suit. The record in that suit could not possibly have been used against the estate for the purpose of establishing any claim of theirs against the estate. This court decided the case with manifest correctness; but Judge TERRELL gave a clearly wrong reason, and that is all about it. The wrong reason is not in decision.''

So that it will be seen that *Whitehead* v. *Kirk,* effectually disposes of counsels argument that *Covington* v. *Frank,* governs.

In *Tucker* v. *Whitehead,* 59 Miss. 594, discussed by counsel, it was pointed out in *Whitehead* v. *Kirk* that this did not apply. Here, as in *Whitehead* v. *Kirk,* the wife was testifying that she was married to the deceased and that testimony established her claim against the estate of a deceased person. The very thing condemned by this court in *Whitehead* v. *Kirk.*

SMITH, C. J., delivered the opinion of the court.

This was an action of ejectment, in which, at the close of the evidence, a peremptory instruction was given for the defendant, and there was a verdict and judgment accordingly. The land in controversy was formerly owned by J. H. Wilson, who, being in bad health, went to Texas for recuperation, accompanied by Lucinda Wilson, a woman who seems prior to that time to have been cooking for him, and who accompanied him to Texas for the purpose of nursing him.

Shortly after arriving in Texas J. H. Wilson died. After his death Lucinda Wilson, claiming to have married him after their arrival in Texas, executed a deed of trust upon the land in controversy to secure the People's Home Savings Bank in the payment of an indebtedness alleged to be due it by J. H. Wilson, and also of an indebtedness alleged to be due it by herself, which deed of trust was afterwards foreclosed and the property purchased at the foreclosue sale by appellant. J. H. Wilson left surviving him one brother, who conveyed the land to J. H. Wilson, Jr., who conveyed it to appellee. This brother is the only heir at law of J. H. Wilson unless Lucinda Wilson be in fact his widow.

Appellant sought to prove the marriage of Lucinda Wilson to J. H. Wilson solely by the evidence of Lucinda herself, which evidence was objected to, and excluded by the court, and if this ruling was correct the decree appealed from must be affirmed. In *Whitehead* v. *Kirk,* 104 Miss. at page 822, 61 So. at page 741, 62 So. 432, 51 L. R. A. (N. S.) 187, Ann Cas. 1916A, 1051, it was said that:

"Whenever a witness is offered for the purpose of proving any transaction, act, contract, admission, license, condition, etc. (whatever may be its exact nature), as 'a fact to be proven,' and proven as a fact existing or occurring prior to the death, and the proof of such fact as then existing or occurring is determinative of a claim of right of such witness to or in property of the deceased, and establishes such claim or right directly and finally, there the witness is testifying to establish his claim, which originated during the lifetime of such deceased."

The testimony of Lucinda Wilson comes clearly within this rule, and therefore, within the provisions of section 1917, Code of 1906 (Hemingway's Code, section 1577), for the reason that it tends to establish a fact—that is, her marriage to J. H. Wilson—existing prior

to the death of J. H. Wilson, and determinative of her right to property owned by him so that the court below committed no error in excluding it. The cases of *Covington* v. *Frank*, 77 Miss. 606, 27 So. 1000, *Tucker* v. *Whitehead*, 59 Miss. 594, and *Kelly* v. *Miller*, 39 Miss. 17, relied upon by appellee, were reviewed and explained in *Whitehead* v. *Kirk*, 104 Miss. 776, 61 So. 737, 62 So. 432, 51 L. R. A. (N. S.) 187, Ann. Cas. 1916A, 1051, and were there shown not to be, when properly understood, in conflict herewith.

*Affirmed.*